# PENNZOIL PRODUCING COMPANY et al., Petitioners,

v.

# FEDERAL POWER COMMISSION, Respondent.

Nos. 76–1626, 76–1831, 76–2128.

United States Court of Appeals, Fifth Circuit.

Sept. 1, 1977.

Jeron L. Stevens, Stephen M. Hackerman, A. Duncan Gray, Jr., Gen. Atty., M. Diane Barber, Atty., Pennzoil Producing Co., Houston, Tex., for petitioners in 76–1626.

Paul W. Wright, Martin N. Erck, Edmunds Travis, Jr., Houston, Tex., amicus curiae, for Exxon Corp.

Harry E. Barsh, Jr., Washington, D. C., for State of Louisiana.

Allan Abbot Tuttle, Sol., Drexel D. Journey, Gen. Counsel, John H. Burnes, Jr., Atty., F.P.C., Washington, D. C., for respondent.

Roy L. Merrill, Houston, Tex., for Mobil Oil Corp.

Thomas G. Johnson, William G. Riddoch, Dan A. Bruce, Houston, Tex., for petitioners in 76–1831.

William B. Cassin, Gen. Counsel, Phillip D. Endom, Assoc. Gen. Counsel, Lee McCarthy Huber, Atty., United Gas Pipe Line Co., Houston, Tex., Donald R. Arnett, Houston, Tex., for petitioners in 76–2128.

ON PETITION FOR REHEARING

(Opinion June 6, 1977, 5 Cir., 1977, 553 F.2d 485)

Before CLARK, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

In its petition for rehearing, the Federal Power Commission asserts that language in the opinion may erroneously indicate the prejudgment of an issue not before the Court, i. e., the effect of our decision in

* District Judge of the Southern District of Florida sitting by designation.

*Southland Royalty Co. v. FPC*, 543 F.2d 1134 (5th Cir. 1976) on a state court termination of a lease, particularly one not limited by a fixed-term.

In order to pull from the opinion any indication as to how *Southland* might apply to the facts of this case, we delete from our opinion the last two sentences found at the end of the final paragraph, which read as follows:

> It may well be that the "present or future public convenience or necessity" will suggest the propriety of abandoning a

fraction of the gas in Williams' property, rather than lose the entire amount from the interstate market. This decision is for the Commission.

We agree with the Commission that the statement was premature, if construed to be decisional, and unnecessary with respect to our decision.

IT IS ORDERED that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby DENIED.